UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                      :
JOHN IMHOF,                              :
                                      :
                Plaintiff,              :
                                      :      23 Civ. 1880 (JPC) (JW)
    -v-                                  :
                                      :      <u>ORDER</u>
NEW YORK CITY HOUSING AUTHORITY *et al.*,  :
                                      :
                Defendants.      :
                                      :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Defendant Daniel Sherrod has moved to dismiss the Amended Complaint pursuant Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 66-69. In support of his motion, Sherrod filed a certification from the United States Attorney for the Southern District of New York, which certifies, *inter alia*, "that during the relevant period, Sherrod was an employee of the United States Department of Housing and Urban Development." Dkt. 68. As this certification is outside the pleadings, Sherrod asks that to the extent the Court decides to consider the certification in connection with the Rule 12(b)(6) portion of his motion, the Court convert that portion to a motion for summary judgment under to Rule 56. Dkt. 77 at 1 n.1.

       "If the Court decides to convert [a] motion to dismiss into a motion for summary judgment, the non-moving party must be given a 'reasonable opportunity to meet facts outside the pleadings.'" *Bellavia Blatt & Crossett, P.C. v. Kel & Partners LLC*, 151 F. Supp. 3d 287, 291 (E.D.N.Y. 2015) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir.1985)), *aff'd*, 670 Fed. App'x 731 (2d Cir. 2016); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion." (emphasis added)).  Accordingly, Plaintiff shall advise the Court by June 28, 2024, whether he wishes to take discovery on the sole question of whether Sherrod was a federal employee during all times relevant for the claims against Sherrod in this action.

SO ORDERED.

Dated: June 21, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge