UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN IMHOF,

                             Plaintiff,                      **ORDER**

                -against-                       **23-CV-1880 (JPC) (JW)**

NEW YORK CITY HOUSING
AUTHORITY, DANIEL SHERROD,
RICHARD MORRISON, and ANDREW
LUPIN

                            Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is a motion to disqualify plaintiff John Imhof's ("Plaintiff") counsel. Dkt. No. 101. For the following reasons this motion is DENIED. The parties are ordered to resume discovery.

## BACKGROUND

Plaintiff began the instant case with an initial complaint on March 3, 2023, and an amended complaint which added defendant Andrew Lupin ("Lupin") on August 11, 2023. Dkt. Nos. 1, 42. The amended complaint ("Complaint") alleges that defendants New York City Housing Authority ("NYCHA"), Daniel Sherrod, Richard Morrison, and Lupin (collectively "Defendants") violated Plaintiff's rights under the Americans with Disabilities Act ("ADA") and its New York state counterparts. Dkt. No. 42, at 15-23, 24-26.

Defendants filed a letter seeking leave to file a motion to disqualify Plaintiff's counsel, Walker J. Harman Jr. and his firm Harman Green, because they are a

1

"necessary and indispensable fact witness." Dkt. No. 88, at 2. The Court ordered the parties to appear for a conference to discuss the motion and discovery issues. Dkt. No. 96. At the conclusion of the conference, the Court granted leave to file the instant motion and stayed discovery pending the resolution of the instant motion. Dkt. No. 100.

## LEGAL STANDARDS

A court's power to disqualify counsel "derives from their inherent power to preserve the integrity of the adversary process." First NBC Bank v. Murex, LLC, 259 F. Supp. 3d 38, 55 (S.D.N.Y. 2017) (quoting Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005)). For several reasons, motions to disqualify are disfavored, and are subject to a high standard of proof. First NBC Bank, 259 F. Supp. 3d, at 56. They touch on one's right to choose the counsel of their choice and the attorney-client relationship. Id. They can be used for a tactical purpose, and even when made in good faith, a motion to disqualify may cause delay and impose expenses. Id. (citing Evans v. Artek Systems Corp., 715 F.2d 788, 791–792 (2d Cir. 1983)). However, any doubt should be resolved in favor of disqualification. Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975).

Federal courts in New York State also look to the New York Rules of Professional Conduct ("NYRPC") in deciding disqualification motions, but these rules are used simply as guidance. Hecklerco, LLC v. Yuuzoo Corp. Ltd., No. 15CV5779 (VM) (DF), 2016 WL 7742783, at *2 (S.D.N.Y. Dec. 16, 2016) (citing Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010)).

# DISCUSSION

Defendants argue that Plaintiff's counsel must be disqualified as his continued representation of Plaintiff violates the New York Rules of Professional Conduct ("NYRPC"), specifically rule 3.7, "lawyer as witness," and rule 1.7, "conflict of interest: current clients." Dkt. No. 104, at 8, 13. At the center of this dispute is Plaintiff's counsel's interaction with defendant Lupin and whether it makes Plaintiff's counsel a "necessary and indispensable fact witness" warranting disqualification. The relevant portion of the Complaint states

> Defendant Andrew Lupin is General Counsel for Defendant NYCHA. In an email dated September 6, 2022, Defendant Lupin notified Imhof that he would be receiving a reasonable accommodation. Thereafter Imhof was required to reapply for a reasonable accommodation every three (3) months. Upon information and belief, Mr. Lupin is involved with and directs Defendant NYCHA to provide accommodations for Imhof.
> 
> On February 13, 2023, Imhof requested an extension of his accommodation. On February 28, 2023, that extension was granted and Imhof was approved for an accommodation through May 26, 2023. All of Defendants responses to Plaintiff's requests for an accommodation have been virtually the same as the initial approval by Defendant Lupin, indicating that he remains involved in the accommodation approval or denial process. Imhof filed his Complaint against Defendants on March 3, 2023. Thereafter, Defendants sought to retaliate against Imhof. Specifically, Defendants are no longer willing to provide Imhof his reasonable accommodation in a timely manner. Defendants' delays cause extreme emotional distress for Imhof.
> 
> On May 15, 2023, Imhof reapplied for a reasonable accommodation. Imhof did not receive a response as to his accommodation request until July 18, 2023. Defendant NYCHA and Defendant Lupin are obligated to respond to Imhof's request within 30 days. Upon information and belief, Defendant Lupin directed Defendant NYCHA not to give Imhof his reasonable accommodation in a timely manner to harass and retaliate against him. In the alternative, Defendants, including Defendant Lupin, failed to diligently engage in any cooperative dialogue with Imhof about his accommodation. It was

> over fifty (50) days before Imhof received his accommodation extension. As such, Defendant Lupin is an aider and abettor in the discrimination and is complacent with it.

Dkt. No. 42, ¶¶ 110-127 (numbering omitted). Lupin, by written declaration, stated that "he never communicated with Plaintiff directly concerning his requests for accommodations," and that he "communicated with [Plaintiff's Counsel] and/or members of his firm: (1) notifying Plaintiff's counsel that Plaintiff's accommodation request had been granted, on September 6, 2022 and (2) engaging in discussions pertaining to the threatened claims against NYCHA." Dkt. No. 103, at 2. Lupin has also submitted a copy of the email he sent Plaintiff's counsel on September 6, 2022, which is referenced at in paragraph 111 of the Complaint. Dkt. No. 103, Ex. 3.

## I.   NYRPC Rule 3.7 – Lawyer as Witness

Defendants move for Plaintiff's counsel disqualification, pursuant to NYRPC Rule 3.7, as Plaintiff's counsel "is an essential witness to Plaintiff's claims against Lupin, and none of the exceptions [to Rule 3.7] apply to the instant facts." Dkt. No. 104, at 10. Rule 3.7 states

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> > (1) the testimony relates solely to an uncontested issue;
> >
> > (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client;

4

> (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>
> (5) the testimony is authorized by the tribunal.
>
> (b) A lawyer may not act as advocate before a tribunal in a matter if:
>
>> (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
>>
>> (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.0. In moving to disqualify an adversary attorney based on New York's advocate-witness rule, the movant must demonstrate that the adversary attorney's testimony is necessary and that there exists a substantial likelihood that the testimony would be prejudicial to the adversary attorney's client. John Wiley & Sons, Inc. v. Book Dog Books, LLC, 126 F. Supp. 3d 413, 420 (S.D.N.Y. 2015). (citing Acker v. Wilger, No. 12 Civ. 3620 (JMF), 2013 WL 1285435, at *1 (S.D.N.Y. Mar. 29, 2013)).

To support the motion to disqualify under NYRPC 3.7, Defendants make several arguments. First, they provide an opinion from the Eastern District of New York, Rizzuto v. De Blasio, No. 17CV7381ILGST, 2019 WL 1433067 (E.D.N.Y. Mar. 29, 2019), where the court disqualified a counsel pursuant to NYRPC 3.7 and argue that it is analogous to the instant case. Dkt. No. 104, at 10. In Rizzuto, the plaintiff sued the City of New York and several municipal agencies for his removal from his parents' custody and placement into foster care, arguing that the City had infringed

on his constitutional right to "family integrity" and other tort claims. 2019 WL 1433067, at *2. The plaintiff in Rizzuto was represented by his father, the same father who was found to have "abused and/or neglected" the plaintiff in the underlying family court proceeding which necessitated the removal that was at issue in the case. Id. The Rizzuto court, when applying NYRPC Rule 3.7, found that plaintiff's counsel "is not only a necessary witness but *the* key witness for his son's claims," and disqualified him as counsel. Id., at 5. To justify the finding, the Rizzuto court found that plaintiff's counsel's testimony would be necessary as plaintiff had no independent recollection of the facts for the underlying family court case and made clear that he was relying on his parents' personal knowledge of the family court proceedings. Id. Defendants argue that Plaintiff in the instant case is similar to the plaintiff in Rizzuto because Plaintiff lacks "the requisite factual knowledge to pursue his claims against Lupin," requiring the testimony of Plaintiff's counsel to pursue his claims. Dkt. No. 104, at 11. Like Rizzuto, Defendants further argue, disqualification will also not prejudice or subject Plaintiff to substantial hardship because the instant case is in its "early stages." Id., at 12.

Plaintiff makes several arguments in response. First, Plaintiff distinguishes the instant case from Rizzuto, arguing that Plaintiff's counsel in the instant case simply "received an email, and passed it on to a client," then "[m]onths later, allegedly illegal activity occurred unbeknownst to Plaintiff's counsel and wholly internally to Defendants' accommodation process," which is "ridiculous" to compare to a father representing his son through a lawsuit that concerned them navigating the family

6

court system together for nearly a decade. Dkt. No. 111, at 6-7. Second, Plaintiff argues that Plaintiff's counsel's testimony is "not necessary, nor is there any testimony to offer," as Plaintiff's counsel has "no discoverable knowledge" about "Lupin's accommodation delays," but both Lupin and Plaintiff do. Id., at 8. In the alternative, Plaintiff suggests stipulating to any relevant issue, specifically that Lupin sent an email to Plaintiff's counsel and that it was shared with Plaintiff. Id. Lastly, Plaintiff argues that the witness-advocate rule is reserved for trial and is not a bar to pre-trial proceedings. Id. (citing Bakken Res., Inc. v. Edington, No. 15-CV-08686 (ALC), 2017 WL 1184289, at *3 (S.D.N.Y. Mar. 29, 2017)).

Here, the Court declines to disqualify Plaintiff's counsel based on NYRPC Rule 3.7, as the purported testimony Plaintiff's counsel could provide is "not necessary." First, the allegations concerning Lupin in the Complaint, are generally not matters Plaintiff's counsel has personal knowledge of; they concern Lupin's role in NYCHA's denial of Plaintiff's subsequent accommodation requests. Dkt. No. 42, ¶¶ 112-127. Second, the only interaction alleged in the complaint between Lupin and Plaintiff's counsel is the September 22, 2022 email, communicating that Plaintiff's accommodation request was granted. Dkt. No. 42, ¶¶ 111. Importantly, based on Lupin's own declaration, it appears that this fact is not in dispute. Dkt. No. 3, ¶ 5; Id., Ex. 3. See NYRPC Rule 3.7(a)(1) (counsel is exempt from the rule if the testimony "relates solely to an uncontested issue."). Additionally, Plaintiff's counsel is not the only one who can testify regarding the email, as Lupin can as well. See Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp., LLC, 896 F. Supp. 2d 330, 332 (S.D.N.Y. 2012)

(attorney who was "just one of many persons with personal knowledge of material facts" not disqualified). Defendants simply have not met their heavy burden to disqualify Plaintiff's counsel or their law firm at this stage based on NYRPC Rule 3.7.

## II.  NYRPC Rule 1.7 - Conflict of Interest: Current Clients

Defendants also argue that Plaintiff's counsel must be disqualified under Rule 1.7 because "there is a significant risk that [Plaintiff's counsel's] professional judgment on Plaintiff's behalf will be adversely affected by his own personal interests." Dkt. No. 104, at 13. Rule 1.7 states

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
>
> (1) the representation will involve the lawyer in representing differing interests; or
>
> (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.

N.Y. Comp.Codes R. & Regs. tit. 22, § 1200.0. "Typically, a court will only disqualify an attorney on the basis of a conflict of interest when it 'undermines the court's confidence in the attorney's representation of'" their client. Goodwine v. Lee, No. 10 Civ. 6019 (LMS), 2014 WL 4377855, at *5, 2014 U.S. Dist. LEXIS 124414, at *12 (S.D.N.Y. Sept. 3, 2014) (quoting Solow v. Conseco, Inc., No. 06 Civ. 5988 (BSJ)(THK), 2007 WL 1599151, at *3, 2007 U.S. Dist. LEXIS 40479, at *9 (S.D.N.Y. Jun. 4, 2007)).

Defendants contend that there is a "significant risk that [Plaintiff's counsel's] professional judgment on Plaintiff's behalf will be adversely affected by his own

8

personal interests," requiring the Court to disqualify Plaintiff's counsel under NYRPC 1.7(a)(2). Dkt. No. 104, at 13. To support their motion, they provide several arguments. First, Defendants argue that it would be in Plaintiff's counsel's interest to "testify truthfully" about his communications with Lupin, but this interest conflicts with Plaintiff's interest in pursuing his claims against Lupin because truthful testimony "cannot sustain" those claims. Id. In response, Plaintiff argues that there is no conflict between Plaintiff and his counsel because Plaintiff's counsel has "no testimony to offer," nor is his testimony necessary for Plaintiff's claims. Dkt. No. 111, at 10-11.  Second, Defendants argue that Plaintiff's counsel asked Defendants if they would withdraw this motion in exchange for withdrawing Lupin from the case, creating an appearance that Plaintiff's counsel is placing their financial interests above Plaintiff's interest by remaining counsel. Dkt. No. 104, at 13-14. In response, Plaintiff argues that this argument is hollow because Defendants acted against their client's interests when they "threatened sanctions and fees against Plaintiff, forcing Defendant Lupin to stay in this action," and that defending against such an argument would pry "deeply into settlement and attorney client protected communications." Dkt. No. 111, at 11-12.

  Here, the Court declines to disqualify Plaintiff's counsel based on NYRPC Rule 1.7. Defendant's allegations of conflict are conclusory, as they do not sufficiently establish what the "truthful testimony" that "cannot sustain the allegations pending against Lupin" is. See Bulkmatic Transport Co., Inc. v. Pappas, No. 99 Civ. 12070, 2001 WL 504841, at *2 (S.D.N.Y. May 11, 2001) (denying a motion to disqualify where

the allegations were "too vague and conclusory to meet the heightened burden of proof required for a motion to disqualify"). Again, Defendants have not met their heavy burden to disqualify Plaintiff's counsel or their law firm at this stage based on NYRPC Rule 1.7.

## CONCLUSION

For the reasons stated above, Defendants' motion to disqualify Plaintiff's counsel is DENIED. The parties are ordered to resume discovery.

SO ORDERED.

DATED:   New York, New York
         January 28, 2025

_____
JENNIFER E. WILLIS
United States Magistrate Judge