UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN IMHOF,

                             Plaintiff,

                 -against-

NEW YORK CITY HOUSING
AUTHORITY, *et al.,*

                         Defendants.
-------------------------------------------------------------------X

**ORDER**

**23-CV-1880 (JPC) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On December 1, 2025, the Court held a discovery conference. In advance of the discovery conference, Plaintiff filed a motion to compel unredacted correspondence involving NYCHA's in-house counsel Defendant Lupin and Lisa Bova-Hiatt. Dkt. No. 134. Following the discovery conference the Court ordered Defendants to file a letter motion by December 15, 2025 as to why their affirmative defenses do not waive privilege and require the production of unredacted Bova-Hiatt and Lupin emails and Plaintiff to file a response letter by December 22, 2025. The Court is in receipt of both Parties' letters. For the reasons stated below, Plaintiff's motion to compel Defendants to provide unredacted correspondence involving NYCHA's in-house attorneys is **DENIED.**

### 1. The Redacted Discovery at Issue

On January 11, 2022, Plaintiff submitted a request for a reasonable accommodation to work from home. Dkt. No. 1 at 4. On February 14, 2022 Plaintiff, an architect at NYCHA, was reassigned to a new position. Id. at 5. Plaintiff alleges the reassignment was a demotion. Id. at 6.

Prior to the reassignment, various NYCHA employees, including multiple employees in the HR department exchanged emails about how to frame the reassignment. Dkt. No. 149, Ex. C. In those emails, the Vice President of HR states "[i]t is going to be very hard to classify this as a legitimate reassignment." Id. The internal email chain from February 4, 2022 to February 5, 2022 was provided to Plaintiff in discovery unredacted. Id.

On February 14, 2022 after Plaintiff was informed of his reassignment, he emailed Defendant Sherrod that he took issue with the salary reduction and would have no choice but to bring a lawsuit against NYCHA if his salary did not remain the same. Dkt. No.133, Ex. C. In-house counsel Bova-Hiatt was copied on the email. Id. Immediately following Plaintiff's email on February 14, 2022, there were several emails exchanged between various NYCHA employees, including Bova-Hiatt, all of which are redacted. Id. The emails between various NYCHA employees, including Bova-Hiatt, continued from February 15, 2022 to April 6, 2022. The subject line of those emails is "RE: Reassignment" and the content of the emails is redacted. Id.

On April 1, 2022, Alice Wong, the Executive Director of the NYC Managerial Employees Association, sent NYCHA management a letter wherein Wong requests NYCHA review its decision to reassign Plaintiff. Dkt. No. 149, Ex. A. The email correspondence between Wong and NYCHA management from April 2022 is unredacted. Id., Ex. C. On April 1, 2022, the Chief of Staff at NYCHA emailed several NYCA employees, including in-house counsel Bova-Hiatt, with the letter from Wong attached. Id., Ex. B. The body of the email sent by the Chief of Staff is redacted. Id.

2

On August 29, 2022 counsel for Plaintiff emailed NYCHA employees, including Bova-Hiatt, regarding Plaintiff's reasonable accommodation request.  Id., Ex. E. Subsequently, several emails were exchanged between NYCHA employees, including in-house counsel Lupin and Bova-Hiatt.  Id.  Those emails are redacted.  Id.

### 2.  The Relevant Defenses

Plaintiff moves this Court to compel production of unredacted emails because Defendants asserted a *Faragher/Ellerth*[1] defense, as demonstrated by affirmative defense numbers 4, 12, 15, and 16. Dkt. No. 133.  Plaintiff later included affirmative defense number 25 in its argument.  Dkt. No. 149 at 4.  The relevant defenses are as follows:

> **No. 4**: Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

> **No. 12**: NYCHA exercised reasonable care to establish, maintain, and enforce a reasonable written policy for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment, and retaliation. Plaintiff unreasonably failed to promptly report any alleged discrimination or harassment under NYCHA's written policy, or take advantage of any preventative or corrective opportunities provided by NYCHA, or to avoid harm otherwise, and his claims are barred in whole or in part for failure to exhaust internal remedies.

> **No. 15**: In the event Plaintiff can demonstrate that discrimination or retaliation was a motivating factor in any alleged employment decision that he challenges, which is expressly denied, he is not entitled to money

---

[1] 1 Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

damages or other relief because Defendant would have taken the same action in the absence of any such impermissible factor.

**No. 16**: To the extent it may be later determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without NYCHA's knowledge or its authorization, ratification or notification, and to the extent NYCHA employed such persons, those acts were outside the scope of any such employee's duties. Accordingly, NYCHA [is] not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of such persons.

**No. 25**: Defendants did not aid, abet, ratify, condone, encourage, or approve any allegedly discriminatory, harassing or retaliatory conduct as alleged by Plaintiff.

Dkt. No. 147 at 1-2.

### 3. Discussion

Federal Rule of Civil Procedure 26(b)(1) allows Parties to obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, when a party waives attorney-client privilege, material that would ordinarily be privileged and not disclosed, may be subject to disclosure. In re County of Erie, 546 F.3d 222, 228 (2d Cir. 2008). "Generally 'courts have found waiver by implication when a client testifies concerning portions of the attorney-client communication,…when a client places the attorney-client relationship directly at issue,…and when a client asserts reliance on an attorney's advice as an element of a claim or defense…'" Id. An "advice-of-counsel" defense is the "quintessential example" of implied waiver of the privilege. Id.

The Second Circuit has made clear that a party must *rely* on privileged advice from his counsel to make his claim or defense in order for implied waiver. Id. In the employment discrimination context, if an employer puts the reasonableness of an internal investigation at issue by asserting a *Faragher/Ellerth* defense, Courts in this District have found implied waiver. See e.g. Mitura v. Finco Services, Inc., No. 23 Civ. 2879 (SDA), 739 F.Supp.3d 231, 236 (S.D.N.Y. 2024); Barbini v. First Niagara Bank, N.A., No. 16 Civ. 7887 (JCM), 331 F.R.D. 454, 460 (S.D.N.Y. 2019).

The first category of emails Plaintiff moves to compel unredacted copies of is the emails concerning Plaintiff's reassignment. Dkt. No. 133, Ex. C; Dkt. No. 149, Ex. B. Plaintiff argues that attorney-client privilege was waived because Defendants assert they took reasonable care to prevent discrimination and maintain a reasonable investigation policy, therefore Defendants' "state of mind is directly at issue as a defense" and they cannot both claim to have taken reasonable care while simultaneously preventing Plaintiff from identifying what reasonable care was taken." Dkt. No. 149 at 2-3. Plaintiff's argument is that "Defendants were made aware immediately that Plaintiff felt he was being subject to discrimination, Defendants then communicated with Ms. Bova-Hiatt, and no remedial action was taken." Id. at 3.

Plaintiff argues that the second category of emails that involve Defendant Lupin about the reasonable accommodation "are much more straightforward" because "[i]n the event that Defendants claim that Defendant Lupin did engage with

reasonable care, the substance of his communications are at issue." Dkt. No. 149 at 3.

Defendants argue that in asserting the affirmative defenses, they are not relying on the privileged advice of counsel and no privileged communications have been placed "at issue" by the defenses. Dkt. No. 147 at 4. Defendants state that the affirmative defenses are "based on non-privileged evidence, such as NYCHA's written policies, and documents and information possessed by decision-makers and other relevant personnel." Id. Lastly, Defendants argue they are not using privilege as a sword and a shield because they "have not asserted facts to influence the decisionmaker while denying plaintiff access to privileged material potentially capable of rebutting this assertion," and therefore the preservation of attorney-client privilege does not create the type of unfairness to Plaintiff prohibited by In re County of Erie. Id.

This Court agrees with Defendants that the affirmative defenses do not constitute implied waiver of attorney-client privilege. Plaintiff has not made a showing that Defendants put the communications with in-house counsel at issue in asserting the affirmative defenses. Soliciting legal advice from in-house counsel is not sufficient for implied waiver. In re County of Erie, 546 F.3d at 229. Unlike Mitura and Barbini, there is no internal report relied upon by Defendants in asserting the affirmative defenses. Defendants contend they are not relying on any advice of counsel to show that they exercised reasonable care.

To prevent Defendants from unfairly using advice of counsel as a sword and a shield, Defendants are prohibited from (1) arguing that in exercising reasonable care they sought attorney advice and (2) relying on any advice of counsel in the redacted emails for any part of their affirmative defenses.  Defendants will be constrained to relying on "non-privileged evidence, such as NYCHA's written policies, and documents and information possessed by decision-makers and other relevant personnel" that does not include any advice of counsel, in asserting their defenses, as promised in their letter to this Court.  Dkt. No. 147 at 4.

**The Clerk of Court is respectfully requested to close Dkt. No. 147.**

SO ORDERED.

DATED:    New York, New York
          January 30, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge